ELIZABETH FARRELL, OSB No. 011107
Attorney at Law
E-mail address: farrelllaw@hotmail.com
324 S. Abernethy Street
Portland, Oregon 97239
Telephone: (503) 277-2087
Facsimile: (503) 357-4181

    Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| HOLLY FISCHER, | Case No.  3:23 CV 1250 |
| Plaintiff, | **COMPLAINT** |
| v. | Title VII OF THE CIVIL RIGHTS ACT, ORS 659A.030, the AMERICANS WITH DISABILITIES ACT, ORS 659A.112, ORS 659A.109, and 42 U.S.C. § 1983 |
| MULTNOMAH COUNTY – DEPARTMENT OF COMMUNITY JUSTICE, ERICA PREUITT, an individual, JAY SCROGGIN, an individual, PATTY BLANCHARD, an individual, BRIAN VALETSKI, an individual, TRAVIS GRAVES, an individual, and SALLY LAJOIE, an individual, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## NATURE OF THE ACTION

1.    Plaintiff brings this action under Title VII of the Civil Rights Act and the analogous state statute ORS 659A.030; under the Americans With Disabilities Act and the analogous state statutes: ORS 659A.112, ORS 659A. 118, ORS 659A.109; and, under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment.

Page 1 – COMPLAINT

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction. This Court also has pendant jurisdiction over the State Law claims.

3. Venue is within the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District, and, at all relevant times, the parties resided in or did business in the State of Oregon.

4. Plaintiff made notice of her tort claim on Defendants on or about February 16, 2022.

## PARTIES

5. Plaintiff was hired by Defendant Multnomah County – Department of Community Justice ("DCJ") in September of 2015 as a Probation/Parole Officer. At all relevant times Plaintiff was a resident of the State of Oregon. The DCJ is and was, at all material times, a Multnomah County Department conducting business in the State of Oregon. At all material times, the DCJ's employees were acting within the course and scope of their employment.

6. Defendant Erika Preuitt ("Preuitt") (DCJ Director), was, at all material times employed by the DJC, and was acting, at least in part, with the purpose to serve the DCJ.

7. Defendant Jay Scroggin ("Scroggin") (ASD Division Director), was, at all material times, employed by the DCJ and was acting, at least in part, with the purpose to serve the DCJ.

8. Defendant Patty Blanchard ("Blanchard") (DCJ Human Resources Manager), was, at all material times, employed by the DCJ and was acting, at least in part, with the purpose to serve the DCJ.

Page 2 – COMPLAINT

9. Defendant Brian Valetski ("Valetski") (Community Justice Manager), was, at all material times, employed by the DCJ and was acting, at least in part, with the purpose to serve the DCJ.

10. Defendant Travis Graves ("Graves") (Deputy Chief Operating Officer), was, at all material times, employed by the DCJ and was acting, at least in part, with the purpose to serve the DCJ.

11. Defendant Sally LaJoie ("LaJoie") (Human Resources Manager, Central Human Resources) was, at all material times, employed by the DCJ and was acting, at least in part, with the purpose to serve the DCJ.

## ADMINISTRATIVE EXHAUSTION

12. Plaintiff filed a complaint with the Bureau of Labor and Industries ("BOLI") on or around July 26, 2022. This filing constitutes a joint filing with the United States Equal Employment Opportunities Commission ("EEOC"). BOLI provided Plaintiff with a Right to Sue Notice on or around May 29, 2023. All procedures necessary to comply with the applicable Federal and State law were followed, and this action has been filed within the requisite 90-days limit set out in the Notice to Suit Rights.

## STATEMENT OF FACTS

13. Plaintiff started working for the DCJ in 2015 as full-time Probation/Parole Officer. Throughout her employment with the DCJ, Plaintiff consistently performed her job duties well and received higher than satisfactory ratings on performance evaluations. Plaintiff has never been disciplined by the DCJ during the course of her employment.

Page 3 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

14. In March 2017, Plaintiff was sexually assaulted by a coworker (Kevin Novinger ("Novinger"), Probation/Parole Officer). At the time, Plaintiff and Novinger were engaged in a romantic relationship. Throughout the duration of their approximately eight-month relationship, Novinger was mentally and emotionally abusive to Plaintiff.

15. Plaintiff reported the sexual assault to numerous fellow Probation/Parole Officers, immediately after the event and continuing until January 2018 at which time one of these Probation/Parole Officers (Gina (Clanton) Meza) reported the sexual assault against Plaintiff to Preuitt.

16. Despite the reported sexual assault, Novinger was permitted to continue working in close proximity with Plaintiff, who repeatedly asked for him to be removed from her floor. The DCJ refused to remove Novinger unless Plaintiff filed a police report.

17. Finally, in late March 2018, Plaintiff reported the sexual assault to police and Novinger was removed from Plaintiff's floor after Plaintiff ran directly into him at work the day after Novinger learned he was under investigation for felony sodomy. Plaintiff suffered an emotional breakdown whereby Novinger was finally placed on administrative leave during the ensuing criminal and internal investigations.

18. In September 2019, Novinger was terminated for lying repeatedly during the criminal and internal investigation processes.

19. After an arbitration hearing in March 2020, where it was, again, determined that Novinger was not credible, he was returned to this position based on his argument that he had not sexually assaulted Plaintiff during the course of his work duties, and the punishment for his

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

deception did not rise to the level of termination. In September of 2020, Novinger was reinstated to his position in the Southwest Unit after the Union filed a claim on his behalf.

20. During the investigations in the arbitration process, Plaintiff was vocal about her displeasure with the manner in which the investigation was being conducted. She communicated this displeasure with various managers and expressed her fear of Novinger on multiple occasions. Specifically, Plaintiff asked Blanchard to give Plaintiff notice when Novinger would be notified of the criminal investigations. Blanchard failed to notify Plaintiff accordingly, which resulted in a frightening encounter for Plaintiff at work with Novinger. Novinger was allowed to continue carrying a firearm during the course of his duties despite the criminal investigation.

21. Plaintiff also asked to be notified where Novinger had been moved so she could avoid the location, yet Novinger's supervisor (Valetski) refused to provide plaintiff with this information, thereby causing Plaintiff additional and unwarranted fear and anxiety.

22. County management ignored Plaintiff's pleas for intervention with her co-workers' gossip and allegations of mental defect which created a hostile and unsafe work environment for her based on the events with Novinger. This behavior caused her isolation from staff members who had previously respected her. Certain coworkers expressed their fear of Plaintiff to managers including allegations Plaintiff was dangerous and mentally unsound. One coworker began carrying his firearm because of the rumors about Plaintiff. Plaintiff's attempts to return to a normal work environment and regain the respect of her colleagues were ignored by management, resulting in her having little support to perform her job duties to the best of her ability. In short, Plaintiff was treated like the perpetrator.

Page 5 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

23. On or around November 15, 2018, an attorney with the County informed Plaintiff that she would be called as a witness in Novinger's arbitration hearing and that the County's internal investigation (which had ended in August 2018) concluded that Plaintiff's claims were unfounded.

24. Later that evening, still upset from the conversation with the County attorney, Plaintiff attended a required firearms qualification/training. Plaintiff made two gun-handling mistakes and was dismissed from the training as a result. Plaintiff was advised she could return the following week and conduct the drill again.

25. Instead, and contrary to the usual protocol, Scroggin grounded Plaintiff's firearm pending a fitness for duty evaluation ("FFDE") in January of 2019. After the physician was contracted by the DCJ, the Department forwarded nearly ninety pages of email communications and allegations of misconduct made against Plaintiff without her prior knowledge. Plaintiff inquired several times of Blanchard if she was under investigation and was told no. Although Plaintiff was advised by both the County and the FFDE physician that the evaluation was for "arming purposes only," the physician concluded that Plaintiff was unfit to perform the duties of a Parole/Probation Officer ever again.

26. After Plaintiff was told this information by the physician, Plaintiff became extremely emotional and distraught having been told her twenty plus year career was over. Despite this reaction, the physician hired by the DCJ allowed her to leave the office alone.

27. Following Plaintiff's testimony at Novinger's arbitration hearing in April of 2019, on or around March 21, 2019, Blanchard met with Plaintiff and her Union Representative to advise her she had failed the FFDE. Blanchard presented Plaintiff with two options: she could

Page 6 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

either use the rest of her vacation and sick time or take a demotion in lieu of termination. Blanchard also told Plaintiff that she would be able to take another FFDE in six months and that if she was determined to be "fit" for duty, she would be returned to her position as Probation/Parole Officer. Blanchard finally informed Plaintiff that the County was treating the situation as if Plaintiff had requested an accommodation for a mental disability under the Americans With Disabilities Act ("ADA"). Plaintiff asserted she did not have a disability; that she was capable of performing her job without accommodations; and, that she viewed the DJC's actions as punitive.

28. Upon her return in March 2019, Plaintiff was initially placed in the role of office assistant at the DCJ Juvenile Department where she answered phones, organized the supply room and alphabetized files - tasks which are well below Plaintiff's level of competence. Plaintiff, then, had no choice but to take the demotion role of Human Services Investigator in the Department of Human Services, a completely different County department outside of the DCJ so Plaintiff would not become unemployed. The position had a $5.00 an hour pay cut as well as removed her from collecting police/fire retirement benefits.

29. Plaintiff, with her Union Representative, filed a grievance complaining that the decision to accept the demotion was made under duress and that Plaintiff did not need an accommodation to perform her job duties as a Probation/Parole Officer.

30. Approximately eight months after her demotion in December of 2019, Plaintiff scheduled a second FFDE with an expert police psychologist she selected and compensated. The psychologist concluded that Plaintiff's communications with the DCJ during the investigation of the assault were consistent with an individual processing a traumatic event and stated that the

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

physician who had evaluated her during her first FFDE had evaluated her with the context of assumption that the assault had not occurred. Additionally, the psychologist stated that any mental disability that Plaintiff may have had had been temporary and that she was fit for duty in the role of Probation/Parole Officer.

31. Even after being presented with the second FFDE, the DCJ refused to allow Plaintiff back to her position of Probation/Parole Officer as previously agreed.

32. In January of 2020, Plaintiff applied for, and was offered, a promotion to the position of Deputy Public Guardian.

33. On or around July 20, 2020, Plaintiff filed a complaint with BOLI, alleging disability discrimination and retaliation for raising concerns about sexual harassment (a sexually hostile work environment).

34. In July of 2020, Plaintiff and the DCJ reached an agreement that it would offer Plaintiff her job back upon successful completion of a "tie-breaking" FFDE. The parties agreed upon a physician in the Spring of 2021, and the physician declared that Plaintiff was fit to return to her position as Probation/Parole Officer, citing a similar conclusion as the one which Plaintiff's former psychologist had reached and suggesting should Plaintiff return to her role at the DCJ, Plaintiff should remain away from Novinger.

35. On or around September 1, 2021, Plaintiff traveled to Minnesota to assist her autistic nephew. A couple of days later, she received the results of the third FFDE, which entitled her to be returned to her former role as Probation/Parole Officer. Plaintiff sent a resignation letter and had conversations with her supervisor (Mark Sanford), explaining that she needed to be in Minnesota to handle a family matter. Plaintiff informed her Union Representative that she

Page 8 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

planned to return to the role of Probation/Parole Officer, and the Union Representative advised the DCJ accordingly.

36. A few days later, in mid-September, Plaintiff learned that the DCJ was refusing to return her to the Probation/Parole Officer job, stating that Plaintiff had resigned from the County. Plaintiff had only resigned from the role of Deputy Public Guardian.

37. Plaintiff's Union Representative filed an internal complaint alleging the DCJ had demonstrated a pattern of discrimination against Plaintiff on the basis of its perception that Plaintiff had a mental illness.

38. When informed of Plaintiff's resignation from her job as Deputy Public Guardian, Graves stated in an internal County message, "That's a good thing, isn't it?" When LaJoie learned that Plaintiff had passed the tie-breaking FFDE, LaJoie commented in an internal message, "Weird. I thought that was a typo."

39. At the end of December 2021, Plaintiff's Union succeeded in negotiating a way for her to return to her Probation/Parole Officer position. Initially, the DCJ attempted to assign Plaintiff to a position working in the same building as Novinger. Plaintiff refused to return unless she would never be forced to work in the same location as Novinger. Eventually, the DCJ agreed to this stipulation.

40. In April of 2022, a safety plan, stating that Plaintiff and Novinger were not allowed to work in the same building, sent into effect.

41. Since returning to her position of Probation/Parole Officer in December of 2021, Plaintiff has continued to experience exclusion and isolation, unfounded oral reprimands, a letter

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

of expectations, failure to resolve complaints, criticism regarding her non-verbal mannerisms, and negative gossip.

## FIRST CLAIM FOR RELIEF
### (Title VII Gender Discrimination - Hostile Work Environment)
### (Against the DCJ)

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, above.

43. The DCJ intentionally created and allowed a hostile work environment and engaged in the practice of unlawful gender (sexually hostile) discrimination against Plaintiff as alleged above in paragraphs 14 through 23, 38 and 39, above, by subjecting Plaintiff to a sexually hostile work environment.

44. DCJ's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. As a direct and proximate result of DCJ's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

45. As a direct and proximate result of DCJ's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, loss of enjoyment of life, and physical illness and is entitled to an award of compensatory damages in an amount to be determined at trial.

46. Plaintiff is entitled to recover her reasonable attorney's fees, expert witness expenses, and litigation costs pursuant to 42 U.S.C. § 2000e et seq.

Page 10 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

## SECOND CLAIM FOR RELIEF
### (ORS 659A.030 - Gender Discrimination – Hostile Work Environment)
### (Against the DCJ)

47. Plaintiff alleges and incorporates by reference paragraphs 1 through 41, above.

48. Each and every one of the particulars alleged in paragraphs 14 through 23, 38, and 39, above, violates ORS 659A.030(1)(a) and (b) in that they constitute gender (sexual harassment) discrimination and a hostile work environment.

49. The DCJ's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. As a direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income in benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

50. As a direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, loss of enjoyment of life, and physical illness and is entitled to an award of compensatory damages in an amount to be determined at trial.

51. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

## THIRD CLAIM FOR RELIEF
### (Title VII Retaliation)
### (Against the DCJ)

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, above.

Page 11 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

53. The DCJ created a hostile work environment for Plaintiff and retaliated against Plaintiff for her complaints regarding the sexually hostile work environment, as alleged in paragraphs 14 through 41, above.

54. The DCJ's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. As a direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

55. As a direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, loss of enjoyment of life, and physical illness and is entitled to an award of compensatory damages in an amount to be determined at trial.

56. Plaintiff is entitled to recover her reasonable attorney's fees, expert witness expenses, and litigation costs pursuant to 42 U.S.C. § 2000e et seq.

**FOURTH CLAIM FOR RELIEF**
**(State Claims – ORS 659A.030 Retaliation)**
**(Against the DCJ)**

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, above.

58. Each and every one of the particulars alleged in paragraphs 14 through 41, above, violates ORS 659A.030(1)(a) and (b) and that they constitute retaliation for reporting sexual assault and a sexually hostile work environment.

59. The DCJ's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. As a

Page 12 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income in benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

60. As a direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, loss of enjoyment of life, and physical illness and is entitled to an award of compensatory damages in an amount to be determined at trial.

61. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

**FIFTH CLAIM FOR RELIEF**
**(Title I of the Americans With Disabilities Act – 42 U.S.C. § 12101 *et seq.*)**
**(Against the DCJ)**

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, above.

63. The DCJ is, and at all material times was, a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2), and was "employer" within the meaning of ADA § 101(5), 42 U.S.C. § 12111(5). The DCJ in an industry affecting commerce and employed more than 15 employees at all times during the 20 weeks in the current or preceding calendar year.

64. Plaintiff is, and was at all material times, a qualified individual with a disability and/or someone who the DCJ perceived as having a disability within the meaning of § 101(8) of the ADA, 42 U.S.C. § 12111(8).

65. The DCJ discriminated against Plaintiff, in substantial part, because of her disability and/or its perception she had a disability as alleged above in paragraphs 24 through 41.

Page 13 – COMPLAINT

66. As a direct and proximate result of the DCJ's conduct, Plaintiff has been subjected to discrimination in violation of the ADA. Plaintiff is entitled to a declaration that the DCJ has violated the ADA.

67. The DCJ's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. As a direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

68. As a direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, loss of enjoyment of life, and physical illness and is entitled to an award of compensatory damages in an amount to be determined at trial.

69. Pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12201, Plaintiff is entitled to an award of attorney's fees, expert witness fees, and costs incurred herein.

### SIXTH CLAIM FOR RELIEF
### (State Law ORS 659A.112)
### (Against the DCJ)

70. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, above.

71. Defendant is an "employer" as defined by ORS 659A.001(4).

72. Plaintiff is a "disabled person" and/or perceived to be a disabled person by DCJ as defined by ORS 659A.100(1)(a).

Page 14 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

73. The DCJ's actions, as described above in paragraphs 24 through 41, constitutes a discrimination against Plaintiff due to her disability and/or because DCJ perceived Plaintiff had a disability and violation of ORS 659A.112(2).

74. The DCJ's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. As a direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

75. As a direct and proximate result of the DCJ's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, loss of enjoyment of life, and physical illness and is entitled to an award of compensatory damages in an amount to be determined at trial.

76. Plaintiff is entitled to recover her reasonable attorney's fees, expert witness expenses, and litigation costs pursuant to ORS 659A.885(1) and ORS 20.107.

### SEVENTH CLAIM FOR RELIEF
### (Americans With Disabilities Act - Retaliation)
### (Against the DCJ)

77. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, above.

78. The DCJ retaliated against Plaintiff, in substantial part, because Plaintiff raised concerns about disability discrimination as alleged above in paragraphs 24 through 41.

79. The DCJ's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. As a direct and proximate result of the DCJ's retaliatory conduct, Plaintiff has suffered, and continues

Page 15 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

to suffer, lost income and benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

80. As a direct and proximate result of the DCJ's retaliatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, loss of enjoyment of life, and physical illness and is entitled to an award of compensatory damages in an amount to be determined at trial.

81. Plaintiff is entitled to recover her reasonable attorney's fees, expert witness expenses, and litigation costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12201.

## EIGHTH CLAIM FOR RELIEF
### (State Law ORS 659A.109)
### (Against the DCJ)

82. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, above.

83. The DCJ's actions, as described above in paragraphs 24 through 41, constitute retaliation for raising concerns about disability discrimination in violation of ORS 659A.109.

84. The DCJ's employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee. As a direct and proximate result of the DCJ's retaliatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

85. As a direct and proximate result of the DCJ's retaliatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, loss of enjoyment of life, and physical illness and is entitled to an award of compensatory damages in an amount to be determined at trial.

Page 16 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

86. Plaintiff is entitled to recover her reasonable attorney's fees, expert witness expenses, and litigation costs pursuant to ORS 659A.885(1) and ORS 20.107.

### NINTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - Retaliation in Violation of the First Amendment)
### (Against All Defendants)

87. Plaintiff realleges and incorporates by reference paragraphs 1 through 41, above.

88. Plaintiff reported a sexually hostile work environment and disability discrimination as alleged above in paragraphs 17, 20, 27, 29, 33, and 37.

89. Plaintiff's constitutionally protected expression, as described above in paragraphs 17, 20, 27, 29, 33, and 37, above, was a substantial or motivating factor in Defendants' creation of a hostile work environment for Plaintiff. At all relevant times, Defendants were acting under color of state law, for the improper purpose of curbing Plaintiff's exercise of her right to free speech, as guaranteed by the First Amendment.

90. The actions of Preuitt, Scroggin, Blanchard, Valetski, Graves, and LaJoie represented official policies, practices, customs, and usages of the DCJ.

91. In the alternative, the DCJ was aware of the actions of Preuitt, Scroggin, Blanchard, Valetski, Graves, and LaJoie and approved of the unconstitutional basis for the actions.

92. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered lost income and benefits and will continue to suffer loss income and benefits, including prejudgment interest, all to her economic damages in an amount to be determined at trial.

93. As a direct and proximate result of the Defendants' retaliatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, loss

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

of enjoyment of life, and physical illness and is entitled to an award of compensatory damages in an amount to be determined at trial.

94. To the extent that Preuitt was acting in her individual capacity, her conduct is described herein was intentional, willful, malicious, and reckless. Plaintiff is entitled to an award of punitive damages against Preuitt in her individual capacity in an amount to be determined at trial.

95. To the extent that Scroggin was acting in his individual capacity, his conduct is described herein was intentional, willful, malicious, and reckless. Plaintiff is entitled to an award of punitive damages against Scroggin in his individual capacity in an amount to be determined at trial.

96. To the extent that Blanchard was acting in her individual capacity, her conduct is described herein was intentional, willful, malicious, and reckless. Plaintiff is entitled to an award of punitive damages against Blanchard in her individual capacity in an amount to be determined at trial.

97. To the extent that Valetski was acting in his individual capacity, his conduct is described herein was intentional, willful, malicious, and reckless. Plaintiff is entitled to an award of punitive damages against Valetski in his individual capacity in an amount to be determined at trial.

98. To the extent that Graves was acting in his individual capacity, his conduct is described herein was intentional, willful, malicious, and reckless. Plaintiff is entitled to an award of punitive damages against Graves in his individual capacity in an amount to be determined at trial.

Page 18 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087

99. To the extent that LaJoie was acting in her individual capacity, her conduct is described herein was intentional, willful, malicious, and reckless. Plaintiff is entitled to an award of punitive damages against LaJoie in her individual capacity in an amount to be determined at trial.

100. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees, expert fees and costs incurred herein.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this Complaint.

WHEREFORE, Plaintiff prays for the relief requested in each of her claims for relief and for such other relief as the Court deems just and appropriate.

DATED this 28th day of August, 2023.

                Respectfully submitted

                /s/ Elizabeth Farrell
                Elizabeth Farrell OSB No.011107
                farrelllaw@hotmail.com
                Attorney for Plaintiff

Page 19 – COMPLAINT

ELIZABETH FARRELL
Attorney at Law
324 S. Abernethy Street
Portland, Oregon 97239
503-277-2087